**FILED**

DEC 0 4 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES LAVELL HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>LAKE COUNTY SUPERIOR COURT, et al.,<br><br>Defendants. | Case No. C 14-3652 PSG (PR)<br><br>**ORDER OF DISMISSAL** |

James LaVell Harris, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Harris' motion for leave to proceed in forma pauperis is granted. For the reasons stated below, the court dismisses this action.

**I. DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[1] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a

---

[1] *See* 28 U.S.C. § 1915A(a).

Case No. C 14-3652 PSG (PR)
ORDER OF DISMISSAL

defendant who is immune from such relief.[2] *Pro se* pleadings must, however, be liberally construed.[3]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.[4]

**B.     Plaintiff's Claim**

Harris raises ten causes of action against Defendants for false imprisonment and malicious prosecution. Harris was convicted of driving under a suspended license in 2009 in Lake County Superior Court. Harris subsequently was convicted in 2014 for driving with knowledge of a suspended license occurring from a DUI, and other related charges in two separate criminal cases in Lake County Superior Court.

Harris claims that: (1) Defendants Sergeant Hobbs and Officer Cook arrested him without probable cause, which resulted in the above charges; (2) acts of Defendant Department of Motor Vehicles ("DMV") and Does 1 and 21-50 from January 15, 2009 through March 3, 2009 caused Harris to be falsely imprisoned and maliciously prosecuted without probable cause; (3) Defendant Superior Court Judge Lunas' failure to grant Harris' motion to dismiss in his 2014 convictions resulted in Harris' false imprisonment and malicious prosecution; (4) Defendant Assistant District Attorney Liberatore, who prosecuted Harris' 2014 criminal cases, failed to dismiss the cases against Harris which resulted in Harris' false imprisonment and malicious prosecution; (5) the DMV provided false information that Harris had a suspended license, which resulted in Harris' false imprisonment and malicious prosecution; and (6) several Defendants worked together to cause Harris' conviction, and their acts resulted in Harris' false imprisonment and malicious prosecution. Harris requests a preliminary and permanent injunction, as well as

---

[2] *See* 28 U.S.C. § 1915A(b)(1), (2).

[3] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[4] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Case No. C 14-3652 PSG (PR)
ORDER OF DISMISSAL

damages.

This action is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.[5] A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under Section 1983.[6] If success in the Section 1983 suit would necessarily demonstrate the invalidity of the confinement or its duration, the Section 1983 suit is barred whether the plaintiff seeks damages or equitable relief.[7]

Here, Harris' claims against Defendants fall squarely within the *Heck* rule because success on his claims would call into question the validity of his 2009 and 2014 convictions and sentences. Harris concedes that his 2009 conviction has been affirmed on appeal. Moreover, it does not appear that Harris has filed an appeal or otherwise challenged his 2014 convictions in state court. There is no other indication that Harris' above-referenced convictions have been reversed, dismissed, or expunged. Therefore, the underlying federal complaint must be dismissed.

If Harris wishes to challenge his state court convictions or sentences, he may file a federal petition for writ of habeas corpus to assert such a challenge. Before he may file a federal habeas petition for writ of habeas corpus, however, he must exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue she seeks to raise

---

[5] *Heck*, 512 U.S. at 486-487 (1994).

[6] *Id.* at 487.

[7] *See Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).

Case No. C 14-3652 PSG (PR)
ORDER OF DISMISSAL

1  in federal court.[8]

## II. CONCLUSION

For the foregoing reasons, this action is DISMISSED without prejudice to Harris filing a new civil rights action if his criminal conviction or sentence is ever set aside. The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 12-3-14

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[8] *See* 28 U.S.C. § 2254(b)(1) (A),(c).

Case No. C 14-3652 PSG (PR)
ORDER OF DISMISSAL

4